UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

       Plaintiff,

v.                                          Case No. 19-20617
                                          District Judge Paul D. Borman

JESSICIA SIMPSON,

       Defendant.
_____/

## ORDER DENYING UNITED STATES' MOTION IN LIMINE TO EXCLUDE DEFENDANT'S EXPERT WITNESS CHITRA RAGHAVAN, Ph.D.

The United States filed a Motion in Limine to exclude Defendant's proposed expert witness, Dr. Chitra Raghavan, and a request for a *Daubert* pretrial hearing regarding the admissibility of her testimony. (*Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 113 S.Ct. 2786 (1993).) Defendant filed a Response on December 22, 2021. On March 15, 2022, the Court held an extended *Daubert* hearing at which Dr. Raghavan testified on the issue of coercive control/battered woman syndrome, and the Government cross-examined on her meetings with and evaluations of Defendant.

The United States Court of Appeals for the Sixth Circuit held in *Dando v. Yukins*, 461 F.3d 791, 802 (6th Cir. 2006) that Michigan Courts have held that the Battered Woman Syndrome defense is relevant to the defense of self-defense:

1

> With help from an expert on Battered Woman Syndrome, Dando could have introduced evidence of all of the elements of a duress defense.

In *United States v. Nwoye*, 824 F.3d 1129 (D.C. Cir. 2016), the D.C. Circuit, per then Judge (now Justice) Kavanaugh, held:

> We agree with…*Dando* that expert testimony and its effects may be offered in support of a duress defense because it may help a jury understand the objective reasonableness of a defendant's actions in the situation she faced, which included the history of violent and psychological abuse.

*Id*. at 1136.

In *United States v. Dingwall*, 6 F.4th 744, 761 (7th Cir. 2021), the Seventh Circuit, citing, *inter alia*, the Sixth Circuit decision in *Dando*, held:

> [W]e conclude that Dingwall should not have been denied the opportunity to offer evidence of battery and its effects, including expert opinions, to support her duress defense.

Federal Rule of Evidence 702, Testimony by Expert Witnesses, permits testimony if the witness is qualified as an expert, if:

(a) her specialized knowledge will help the trier of fact to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods;

(d) the expert has reliably applied the principles and methods to the facts of this case.

2

The Court, in the exercise of its discretion, finds at this stage of the proceedings, by a preponderance of the evidence, that Dr. Raghavan's testimony has met the requirements for expert trial testimony, recognizing that the Government's cross-examination has raised issues with regard to her conclusions in this case. Government cross-examination at trial can probe the expert witness' processes and conclusions.

Finally, in the instant prosecution under 18 U.S.C. § 922(a)(6), the statute requires the government to prove that the defendant "knowingly" made a false statement. At trial, the Court will enforce F.R.E. 704(b) which states:

> In a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitute an element of the crime charged or of a defense. Those matters are for the trier of fact alone.

## CONCLUSION

After holding an extended *Daubert* hearing, the Court, pursuant to F.R.E. 702, permits the Defendant to call Dr. Chitra Raghavan as an expert witness in this case on the Battered Woman Syndrome.

SO ORDERED.

DATED: March 16, 2022         s/Paul D. Borman
                              PAUL D. BORMAN
                              UNITED STATES DISTRICT JUDGE

3